**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| MELINDA BAIR, | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | NO. 09-0549 |
|  | : |  |
| LIFE INSURANCE COMPANY OF | : |  |
| NORTH AMERICA, | : |  |
|  | : |  |
| Defendant. | : |  |

---

HENRY S. PERKIN                                                           November  20,  2009
United States Magistrate Judge

**MEMORANDUM**

This matter was remanded on September 20, 2009 by the Honorable James Knoll

Gardner for consideration of and determination of the scope of review and the impact the scope

of review has on the discovery dispute at issue in this case under the Employee Retirement

Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA").

**I.      FACTS AND PROCEDURAL HISTORY.**[1]

On February 9, 2009, Plaintiff, Melinda Bair ("Plaintiff"), filed a Complaint

against the Mars, Inc. Long-Term Disability Benefits Plan ("LTD Plan") for long term disability

benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461

("ERISA").  Plaintiff was employed by Mars, Inc. ("Mars") as a Materials Testing Senior

Operator.  As an employee benefit, Mars sponsored the LTD Plan.  The Life Insurance Company

---

[1]      This information is taken from the filed documents in this case and the information provided by the
parties in this discovery dispute, and not from the administrative record.  The administrative record has not been
made available to the undersigned.

of North America ("LINA") both funds the LTD Plan and at certain times pays benefits under the plan.[2]

On or around May 15, 2008, Plaintiff was hospitalized at Philhaven Hospital and was discharged on June 10, 2008. Plaintiff was diagnosed with bi-polar II disorder, depressed panic disorder and agoraphobia.[3] From May through October 2008, Plaintiff claims that she continued to have symptoms of anxiety, depression, the inability to perform activities of daily living, hopelessness, paranoia and suicidal ideations.

At some point between June and September, 2008, Plaintiff's treating psychiatrist, Jeremy Walters, M.D., released Plaintiff to part-time work three days a week from 5:30 p.m. to 1:00 a.m. In correspondence dated September 2, 2008, from Karen Grimaldi, RN, COHN-S, a resident nurse employed by Mars, Plaintiff was informed that she needed to clarify a number of items regarding restrictions placed upon her return to work.[4] Ms. Grimaldi's letter informed Plaintiff that:

> <u>as long as the additional documentation from your health care provider requested
> above substantiates that your restrictions will not pose a direct threat to your</u>

---

[2]      LINA was substituted as Defendant in this action by Stipulation on April 6, 2009. The original captioned Defendant, Mars, Inc. Long-Term Disability Benefits Plan, neither issued the policy in question nor had any role in administering Plaintiff's claim, therefore it was not a proper party.

[3]      LINA notes that records in Plaintiff's medical file indicate that she was also discharged from Philhaven Hospital on or around May 22, 2008 after a stay, on or around May 29, 2008 after a stay, and on or around June 1, 2008 after a stay. <u>See</u> Document No. 12, p. 4 ¶ 25.

[4]      Included in these clarifications were the following: (1) whether Plaintiff was permitted to work an eight hour shift or was restricted to a seven hour shift, as suggested by Dr. Walters' release; (2) how Dr. Walters defined the stressful situations and emotional triggers Plaintiff should avoid; (3) additional information from Dr. Walters regarding whether and how Plaintiff would be able to tolerate working alone in a remote area of the plant in the middle of the night and his assessment of whether these working conditions presented a direct threat of harm to Plaintiff's health or safety; (4) whether Plaintiff would be able to recalibrate through side-by-side retraining with another lab technician for at least one to two weeks during the day to ensure that she was properly calibrated, given the hours suggested by Dr. Walters. <u>See</u> Document No. 12, Ex. A.

health or safety, the Company may be willing to agree to your request to restrict your working hours (and your job duties) temporarily to enable you to transition back to work.

If you are permitted to temporarily work these transitional nighttime hours, the restrictions would be limited to 4-6 weeks based on business needs and the burden on other associates, During this transition period, your tasks would probably be limited to testing shells and nib samples, data analysis and preliminary beans testing.  Additional terms and assignments may be discussed with you as appropriate and necessary, if you are permitted to work this transitional assignment.

Please provide the information requested from your health case provider within 15 days from today.

Document No. 12, Ex. A., p. 2.  On September 15, 2008, Dr. Walters again released Plaintiff to return to work with restrictions.

On October 1, 2008, Ms. Grimaldi wrote again to Plaintiff.  On October 7, 2008, Plaintiff submitted her claim for long-term disability benefits to LINA.  On November 4, 2008, LINA denied Plaintiff's claim for long-term disability benefits.[5]  On November 11, 2008, Plaintiff appealed the claim denial.

Plaintiff was terminated from Mars on or about December 18, 2008.  On December 18, 2008, Plaintiff was hospitalized at Philhaven Hospital due to bipolar disorder, severe depression, anxiety and suicidal ideations.  On January 8, 2009, Plaintiff submitted

---

[5]     Plaintiff specifically cites the following reason provided by LINA as the basis for denying Plaintiff long-term disability benefits:

> On October 29, 2008, we reviewed your medical information with our medical director on staff.  Your restrictions and limitations are not supported by the medical information on file.  This is evidenced by your low intensity of symptoms.  You have no psychosis, no suicidal ideation, or homicidal ideation, and no disinhibited behaviors.  You are caring for a young child and gradual return to work was recommended in August, 2008.  These are not conducive with global functional impairments.

Compl., pp. 5-6 ¶ 37.

additional medical reports to support her appeal.

On January 9, 2009, LINA informed Plaintiff that it was requesting a peer review of her entire file and a decision on her appeal would be made within thirty (30) days of receipt of all of her information. On January 21, 2009, LINA denied Plaintiff's appeal. The denial letter indicated that Plaintiff had not submitted additional information in support of her claim, therefore LINA reviewed the information that was already on file to determine whether an appropriate decision was made on the initial review of Plaintiff's claim. LINA determined that Plaintiff was capable of returning to work on July 21, 2008, but that she did not do so because of a conflict with co-workers.

Plaintiff filed the instant lawsuit on February 9, 2009. On June 2, 2009, Judge Gardner telephonically held a Rule 16 Scheduling Conference with counsel. In the Rule 16 Scheduling Order signed by Judge Gardner on June 2, 2009 and docketed on June 15, 2009, Judge Gardner ordered that all discovery in this case should be completed by August 7, 2009.

On June 12, 2009, Plaintiff submitted a letter motion to compel the deposition of Defendant's Appeal Claim Manager, Ms. Patty Ursiny, to obtain information about alleged procedural irregularities in the Defendant's decision-making process surrounding the denial of long-term disability benefits to Plaintiff. Defendant responded by letter on June 22, 2009, stating that discovery in this case is limited to the administrative record, there is no basis for "conflict" discovery following the Third Circuit's abandonment of the sliding scale approach which might heighten the scrutiny applied during a deferential review, and even if conflict discovery was still authorized, Plaintiff makes no showing of how Ms. Ursiny's deposition touches on an alleged "conflict" issue.

Based upon the letter motions and following a June 24, 2009 telephonic conference which was held off the record, the undersigned issued an Order on June 25, 2009, partially granting the motion to compel, but limiting the areas of questioning at Ms. Ursiny's deposition.

On July 6, 2009, Defendant filed a motion for clarification/reconsideration of the June 25, 2009 Order. Plaintiff filed a brief in opposition to the Motion for Clarification/Reconsideration on July 15, 2009. On July 29, 2009, the undersigned denied the Defendant's Motion, holding that the deposition could be held, but limited to four areas topics. Defendant filed an appeal to Judge Gardner, who held oral argument on the appeal on August 14, 2009. Judge Gardner issued the remand Order on September 20, 2009. The parties informally submitted additional briefing on October 15, 2009.

## III.   DISCUSSION.

### A.   The Parties' Contentions.

Plaintiff contends that LINA, in denying her LTD benefits, relied on incomplete information, selectively relied upon non-treating physician's opinions and did not adequately explain why it dismissed the opinions of Plaintiff's treating physicians. Plaintiff also alleges that LINA failed to review Plaintiff's job duties to determine if her medical conditions would affect her ability to perform all of the responsibilities of that position.

Plaintiff contends that LINA's November 4, 2008 and January 21, 2009 claim decisions were arbitrary and capricious and that LINA has a conflict of interest in this case because it is the claims administrator and pays benefits from its own funds. Finally, Plaintiff contends that the proper scope of review in this case is de novo review because of alleged

5

procedural and structural abnormalities in LINA's review and denial of benefits.

Conversely, LINA contends that the scope of review that this Court should follow is a deferential

arbitrary and capricious standard, and each topic alleged by Plaintiff as a procedural irregularity

stretches beyond the bounds of limited conflict discovery sometimes permitted in ERISA matters

and the scope of Ms. Ursiny's role at LINA.

**B.      Applicable Scope of Review in this Case.**

Judge Gardner remanded this discovery issue to consider and determine the scope

of review to be employed in the instant case in light of Adams v. Life Ins. Co. N. Am., CIV.A.

No. 08-2683, 2009 WL 2394150, at *6 (E.D. Pa. Aug. 3, 2009)(Padova, J.), and Farina v.

Temple Univ. Health Sys. Long Term Disability Plan, CIV.A. No. 08-2473, 2009 WL 1172705,

at *11-13 (E.D. Pa. Apr. 28, 2009)(Schiller, J.).[6]  We first note that LINA was also the Defendant

in both the Adams and Farina cases.  In those cases, Judges Padova and Schiller found,

respectively, that identical language contained in the subject disability policies, that LINA

requires "satisfactory proof" of disability before benefits will be paid and "continued proof" of

disability for benefits to continue, was insufficient to confer discretionary authority to LINA to

determine eligibility for benefits.  Accordingly, Judges Padova and Schiller employed a de novo

standard of review in reviewing LINA's denial of benefits.

In Farina, Judge Schiller acknowledged that, in the Third Circuit, the issue of

whether a benefits plan that requires an insured to submit "satisfactory proof" to the claim

administrator also confers sufficient discretion upon the administrator to warrant arbitrary and

---

[6]Prior to the remand, neither party argued that these cases were even potentially applicable or brought these cases to this Court's attention.

capricious review is unclear. 2009 WL 1172705, at *10. Although other circuits are split on this issue, Judge Schiller opined that the weight of recent authority indicates that a plan term requiring a claimant to support his claim with satisfactory proof, absent more, fails to confer discretion upon an administrator. Id. Judge Schiller agreed with the Seventh Circuit's conclusion that merely requiring submission of proof, even "satisfactory" proof, does not clearly confer discretion upon an administrator, but instead clarifies that a beneficiary must support his benefit claim with proof of disability. Id. at *13 (citing Herzberger v. Standard Ins. Co., 205 F.3d 327, 332 (7th Cir. 2000)). In addition, Judge Schiller looked to the Ninth Circuit's conclusion that plans requiring submission of satisfactory proof to a plan administrator do not trigger arbitrary and capricious review. Id. at *11 (examining Kearney v. Standard Ins. Co., 175 F.3d 1084, 1087-90 (9th Cir. 1999)(en banc); Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991 (9th Cir. 2000)). In addition to the Seventh and Ninth Circuits, the Second, Fourth, Eighth and Tenth Circuits have also concluded that the language "satisfactory proof to us" where "us" refers to the insurance company administering the plan, does not authorize the exercise of discretion and have therefore applied de novo review to claim denials pursuant to such plans. Id. (citations omitted).

      Judge Schiller acknowledged that the majority of courts within this district have concluded that the language "satisfactory proof to us" implicitly grants discretion to a plan administrator and have applied a deferential standard in reviewing the claims based upon Pinto v. Reliance Std. Life Ins. Co., 214 F.3d 377, 393 (3d Cir. 2000). The Pinto court applied a heightened arbitrary and capricious review when the policy required an insured to submit "satisfactory proof" of "total disability" to the defendant. Id. at *12 (citations omitted). Judge

Schiller distinguished Pinto, however, because the parties in that case agreed that the plan conferred discretion on the defendant and the court did not directly address the applicable standard of review issue. Id. (citing Pinto, 214 F.3d at 379). The cases within this district that follow Pinto had diminished persuasive value, according to Judge Schiller, because many relied on cases from other circuits that are no longer good law. Id.

Judge Schiller also cited Elms v. Prudential Ins. Co. of Am., Civ. A. No. 06-5127, 2008 WL 4444269, at *13 (E.D. Pa. Oct. 2, 2008) for support of his decision to exercise de novo review. In Elms, the Honorable Gene E.K. Pratter of this district recognized a circuit split on this issue and followed the Second, Fourth and Seventh Circuits in concluding that the language in the policy, "Total Disability exists when Prudential determines" that certain conditions are met, did not grant discretionary authority to the defendant. Elms v. Prudential Ins. Co. of Am., Civ. A. No. 06-5127, 2008 WL 4444269, at *13 (E.D. Pa. Oct. 2, 2008). To hold otherwise, according to Judge Pratter's analysis, would run contrary to the directive in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), that de novo review is the default standard of review absent a clear grant of discretion to the administrator to determine eligibility for benefits or to construe the terms of the plan. Id. (citing Elms, 2008 WL 4444269, at *13).

Judge Schiller concluded that the majority of circuit courts are correct and the plan language stating "[s]atisfactory proof of Disability must be provided to the Insurance Company [LINA] . . . before benefits will be paid" could ambiguously mean either that a beneficiary must provide to LINA: (1) proof that is objectively satisfactory; or (2) proof that LINA concludes is satisfactory. Because this language is ambiguous, Judge Schiller held that the plan had to be construed in favor of Ms. Farina. Id. (citing Heasley v. Belden & Blake Corp., 2

F.3d 1249, 1258 (3d Cir. 1993)(holding when plan is ambiguous, it is construed in favor of

insured)). Accordingly, Judge Schiller reviewed LINA's denial of benefits under a de novo

standard.

In Adams v. Life Insurance Company of North America, Judge Padova concluded,

based on a review of other circuits, that the First, Second, Fourth, Seventh, Eighth, Ninth, and

Tenth Circuits have properly determined that requiring a plan participant to submit "satisfactory

proof" of disability to his or her insurance company does not unambiguously convey

discretionary authority to the insurance company. 2009 WL 2394150, at *6. Consequently,

Judge Padova held that "the Policy's requirement that '[s]atisfactory proof of Disability must be

provided to the Insurance Company, at the Employee's expense, before benefit will be paid' does

not convey to LINA discretionary authority to determine whether Plaintiff is disabled, and we

will apply the de novo standard." 2009 WL 2394150, at *6. Judge Padova noted that this

holding is consistent with Farina because the specific plan language at issue in both cases did not

grant LINA the discretion to determine eligibility for benefits and LINA's denial of Ms. Farina's

claim for long-term disability benefits was reviewed de novo. Id.

Defendant argues that Judges Padova and Schiller were incorrect in their

decisions, and that this Court should instead follow the holding by Judge Robreno in Schlegel v.

Life Ins. Co. of N. Am., 269 F. Supp.2d 612, 616, 618 (E.D. Pa. 2003), that language identical to

that in Plaintiff's policy warrants arbitrary and capricious judicial review. Defendant fails to

note, however, that in Farina, Judge Schiller distinguished Schlegel on the basis that although an

arbitrary and capricious standard of review was employed, the court's focus in Schlegel was

solely on the impact of a structural conflict[7] on the standard of review without addressing

whether the language itself expressly or implicitly conferred discretion. Farina, 2009 WL

1172705, at *12 n.9.

Because LINA was also the defendant in both Farina and Adams, and both of

those cases involved identical policy language as in the instant case, it is recommended that the

proper scope of review to be applied is the de novo standard of review.

### C.      Impact of Scope of Review on this Discovery Dispute.

Federal Rule of Civil Procedure 26(b)(1) provides that discovery need not be

confined to matters of admissible evidence but may encompass that which "appears reasonably

calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Relevancy

is to be broadly construed for discovery purposes and is not limited to the precise issues set out in

the pleadings or to the merits of the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351

(1978). Discovery requests may be deemed relevant if there is any possibility that the

information may be relevant to the general subject matter of the action. Id. Discovery rules are

to be accorded broad and liberal construction. American Health Sys. v. Liberty Health Sys., No.

CIV.A. 90-3112, 1991 WL 30726, at *3 (E.D. Pa. Mar. 5, 1991)(Naythons, M.J.).

The general rule is that a court reviewing an ERISA benefits decision is limited to

the administrative record. Geer v. Hartford Life & Accident Ins. Co., No. CIV.A. 08-12837,

2009 WL 1620402, at *2 (E.D. Mich. June 9, 2009)(citing Perry v. Simplicity Eng'g, 900 F.2d

963 (6th Cir. 1990)); Vallone v. CNA Fin. Corp., 375 F.3d 623, 629 (7th Cir. 2004); Denmark v.

---

[7]      A structural conflict focuses on the financial incentives created by the way the plan is organized.
Post v. Hartford Ins. Co., 501 F.3d 154, 162 (3d Cir. 2007). LINA concedes that a structural conflict exists in this
case because it both administers and funds the LTD Plan.

Liberty Life Assurance Co. of Boston, 566 F.3d 1, 10 (1ˢᵗ Cir. 2009); Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997). However, the Third Circuit has held that "courts may consider evidence of potential biases and conflicts of interest not found in the administrator's record." Kosiba v. Merck & Co., 384 F.3d 58 (3d Cir. 2000)(plan funded by insurance company).

A number of other Circuits have expanded the rule to a limited extent. For example, the Sixth Circuit allows a district court to consider evidence outside of the administrative record, but only if that evidence is offered in support of a procedural challenge to the plan administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part, and any pre-hearing discovery at the district court level must be limited to such challenges. Geer, 2009 WL 1620402, at *2 (citing Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 618 (6ᵗʰ Cir. 1989)(Gilman, concurring)). The Seventh Circuit allows limited discovery where a plaintiff can both "identify a specific conflict of interest or instance of misconduct," and "make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." Semien v. Life Ins. Co. of N. Am., 436 F.3d 805, 814-15 (7ᵗʰ Cir. 2006).

In Garvey v. Piper Rudnick LLP Long Term Disability Insurance Plan, the United States District Court for the Northern District of Illinois examined the issue of whether the Supreme Court's decision in Metropolitan Life Ins. Co. v. Glenn, ⸺ U.S. ⸺, 128 S.Ct. 2343 (2008) has any effect on ERISA discovery rules, and concluded that courts across the country and in the Seventh Circuit are currently divided on this issue. 2009 WL 3260010, at *3-5 (N.D. Ill. Oct. 9, 2009). In Glenn, the Supreme Court stated that "[i]f 'a benefit plan gives discretion to an

administrator or fiduciary who is operating under a conflict of interest, that conflict must be

weighed as a factor in determining whether there is an abuse of discretion.'"  128 S.Ct. at 2348

(quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)(internal quotations

omitted)).  It appears that limited discovery is permitted in numerous jurisdictions to demonstrate

and probe conflicts of interest as a factor in reviewing benefits decisions.  Id. at *5 (citing

Stephan v. Thomas Weisel Partners, LLC, No. C08-01935 MHP, 2009 WL 2511973, at *9 (N.D.

Cal. Aug. 14, 2009)("discovery decisions in this Circuit post-Glenn have, by and large, allowed

limited and narrowly tailored discovery into both demonstrating and probing conflicts of

interest."); Beard v. Wachovia Corp., No. 08-cv-02836-ZLW-MEH, 2009 WL 2140225, at *4

(D. Colo. July 16, 2009) ("courts in this district and in other districts have allowed discovery for

the purpose of determining the scope of a conflict of interest.")(collecting cases); Kruk v. Metro.

Life Ins. Co., No. 3:07-cv-01533 (CSH), 2009 WL 148153, at *3 (D. Conn. May 26,

2009)("District courts within this circuit, and the courts of appeal in other circuits, have . . .

concluded that one appropriate avenue for discovery is to identify a conflict of interest.").

        In Kalp v. Life Ins. Co. of N. Am., Chief Judge Norma Barry Fischer of the

District Court for the Western District of Pennsylvania examined the scope of discovery in an

ERISA action.  She noted that the Third Circuit has directed that:

> "the record for arbitrary-and- capricious review of ERISA benefits denial is the
> record made before the plan administrator, and cannot be supplemented during
> litigation" but "when a court is deciding what standard of review to employ . . . it
> may consider evidence of potential biases and conflicts of interest that is not
> found in the administrator's record."  Kosiba v. Merck & Co., 384 F.3d 58, 67 (3d
> Cir. 2004)(citing Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir.
> 1997)); Post v. Hartford Ins. Co., 501 F.3d 154, 168 (3d Cir. 2007).  Moreover, if
> de novo review is the appropriate standard, additional discovery is not necessary
> "[i]f the record on review is sufficiently developed."  Luby, 944 F.2d at 1185.

Kalp v. Life Ins. Co. of N. Am., No. Civ. A. 08-1005, 2009 WL 261189, at *6 (W.D. Pa. Feb. 4, 2009). In this case, we have determined that de novo review is the appropriate standard, and the parties disagree whether the record on review is sufficiently developed.

Plaintiff argues that limited discovery is necessary regarding alleged procedural irregularities in handling of her case by LINA. Plaintiff insists that procedural conflicts of interest may be evident from the administrative record, but without discovery to explore why or how the plan administrator came to its conclusion, evidence of bias may escape the court's review.

LINA argues that Luby v. Teamsters Health, Welfare & Pension Trust Funds, 944 F.2d 1176, 1184-1185 (3d Cir. 1991) and its progeny, which held that a district court exercising de novo review over an ERISA determination between beneficiary claimants was not limited to the evidence before the Fund's Administrator, do not authorize additional discovery for an ERISA plaintiff and no such discovery is warranted here.

In light of the broad and liberal construction which the discovery rules are to be accorded, this Court finds that Plaintiff's request to take Ms. Ursiny's limited deposition is reasonably calculated to lead to the discovery of admissible evidence to aid the Court in reviewing Plaintiff's claims of bias and the extent of the Defendant's admitted conflict pursuant to Kalp, 2009 WL 261189, at *6-7.

An appropriate Order will be separately entered.