## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                  :

MELINDA BAIR,                         :         CIVIL ACTION
                                    :
                Plaintiff,       :
                                    :
      v.                                :         NO. 09-0549
                                    :
LIFE INSURANCE COMPANY OF      :
NORTH AMERICA,                   :
                                    :
                Defendant.    :
_____ :

## ORDER

**AND NOW**, this 20th  day of November, 2009, following a September 20, 2009

remand by the Honorable James Knoll Gardner "for consideration of and to determine the scope

of review and the impact the scope of review has on the discovery dispute at issue in this case

under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461

("ERISA")," and additional briefing submitted on October 15, 2009, and for the reasons stated in

the accompanying Memorandum, it is hereby ORDERED that:

       1.  pursuant to <u>Adams v. Life Ins. Co. N. Am.</u>, CIV.A. No. 08-2683, 2009 WL

2394150, at \*6 (E.D. Pa. Aug. 3, 2009)(Padova, J.), and <u>Farina v. Temple Univ. Health Sys.

Long Term Disability Plan</u>, CIV.A. No. 08-2473, 2009 WL 1172705, at \*11-13 (E.D. Pa. Apr.

28, 2009)(Schiller, J.), the Court should consider the instant case under a de novo standard of

review;

       2.  because a structural conflict exists in this case and a procedural conflict has

been alleged by Plaintiff in good faith, Plaintiff is entitled to limited discovery in support of her

claims in the form of an abbreviated deposition of Defendant's Appeal Claim Manager, Patty

Ursiny; and

3. additional information which may be obtained during the Ms. Ursiny's deposition may be helpful to the Court in its de novo review of LINA's denial of benefits to Plaintiff. However, questioning at the deposition will be limited to the following four specific areas that Plaintiff contends is relevant to a determination of whether a procedural conflict exists: (1) Defendant's reliance on the medical evidence; (2) Defendant's alleged failure to explain the rejection of Plaintiff's medical evidence; (3) Defendant's alleged failure to review Plaintiff's job duties and whether she could perform the job with her restrictions; and (4) Defendant's alleged failure to acknowledge that Plaintiff's employer would not accommodate her restrictions.[1]

BY THE COURT:

_____
/s/ Henry S. Perkin
HENRY S. PERKIN,
United States Magistrate Judge

---

[1]      Ms. Ursiny may not be questioned regarding Defendant's alleged failure to consider documents transmitted by Plaintiff's counsel due to Defendant's voluntary commencement of a re-evaluation of the January 21, 2009 appeal decision. Plaintiff is also prohibited from questioning Ms. Ursiny regarding Defendant's consideration of: (1) Plaintiff's counsel's January 8, 2009 letter, (2) the letter dated January 5, 2008 from Dr. Jeremy Walters of Philhaven, and (3) Philhaven treatment records from December 2008.